IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELLIS TRICE     PLAINTIFF

    v.      Civil No. 11-2073

DONALD EVERSOLE, Detective,
Crawford County Sheriff's Department; and
PATTI BONEWELL, Detective,
Crawford County Sheriff's Office     DEFENDANTS

## ORDER

Separate Defendant Donald Eversole has filed a motion to compel (Doc. 32) and a motion for an extension of time (Doc. 37) to file his summary judgment motion. Plaintiff has filed a motion (Doc. 36) asking for a conclusion.

**Motion to Compel** (Doc. 32)

On November 11, 2011, Defendant Eversole filed a motion to compel answers to discovery requests (Doc. 32). Defendant Eversole states he propounded interrogatories and requests for production of documents to the Plaintiff on August 10, 2011. Defendant indicates he received deficient and untimely discovery responses from the Plaintiff. Defendant then requested supplemental responses. To date, Defendant states he has not received any supplemental responses. Plaintiff has not responded to the motion to compel.

The discovery rules are to be given a broad, liberal interpretation. *See e.g., Edgar v. Finley*, 312 F.2d 533 (8th Cir. 1963). Rule 26(b)(1) of the Federal Rules of Civil Procedure

AO72A
(Rev. 8/82)

provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."

This is a civil rights case in which the Plaintiff alleges that on July 2, 2008, he was unlawfully "jumped on" by police at an empty house in Van Buren, Arkansas. He asserts he was unlawfully arrested without a warrant in violation of his Fourth Amendment rights and his vehicle and its contents were seized. He also alleges he was held in jail to allow police officers in Little Rock, Arkansas, to enter his home and confiscate numerous items of personal property.

Plaintiff alleges his business property was also seized. Plaintiff indicated that for sixteen years he owned and operated Ellis Trice Aircraft Cleaning Services at the Little Rock, Arkansas, airport.

In Interrogatory Number Two Defendant asked for the names, addresses, and telephone numbers of all employers the Plaintiff had worked for since he was 18, including the beginning and ending dates of employment, a description of his job, the rate of pay, and the reason for termination. Request for Production Number Seven asks for a signed release for employment information.

Plaintiff responded that he could not recall every job he had held since he was 18. Plaintiff refused to sign the release for employment information. Defendant maintains he is entitled to this information because, in responding to another interrogatory, Plaintiff stated his business had been taken from him and he had been kicked off the airport.

Interrogatory Number Two is overly broad. Plaintiff is fifty-six years old and has stated he worked in the same business for the last sixteen years. However, the Court believes Defendant is entitled to inquire into Plaintiff's most recent employment history. Interrogatory Two when limited to the past five years of employment history provides relevant information.

AO72A
(Rev. 8/82)

**Plaintiff is directed to provide the Defendants with his employment history for the last five years.  If Plaintiff has not had any other jobs during this time frame except for his self-employment, he should so state under oath.**

Interrogatory Number Three asks for the name, address, and telephone number of each and every doctor and hospital Plaintiff had been seen, or treated, at in the past ten years.  Request for Production Six asks for a signed medical release.  First, the Court believes this discovery request should be limited to five years.  Thus, Plaintiff is directed to provide his medical history for the past five years.  If he truly has not been seen or treated by a doctor in the past five years, he should state so under oath.

Plaintiff is also directed to sign the medical authorization so that Defendant may obtain his records from the doctors or facilities identified in response to Interrogatory Number Three.

Interrogatory Number Thirteen asks the Plaintiff to state "the basis for any claims for actual or compensatory damages, including any amounts expended for any purpose which will be claimed as damages at trial."  Plaintiff responded:  "Business and Personal."

The Court agrees this response is inadequate.  Plaintiff is directed to provide Defendant with an itemized list of the business and personal damages he is seeking to recover in this case.  Plaintiff should provide this information to the Defendant by **February 3, 2012.**

Request for Production Number Two asks the Plaintiff to provide "any and all documents, photographs, audio tapes, video tapes, or other documentation made in connection with this lawsuit, which in any way substantiate or provide support for the allegations made in your complaint."  Plaintiff did not respond to this request.  Plaintiff is directed to provide Defendant with a response to this request by **February 3, 2012.**

AO72A
(Rev. 8/82)

Request for Production Number Four asks for "any and all notes, memorandums, calendars or other documents by whatever name called, generated or kept by the Plaintiff(s) with respect to the allegations contained in the Plaintiff's complaint or the facts made basis of the complaint, whether created at the time of the event or at a later date." Plaintiff responded: "I have no nots I have no money for Documents." Plaintiff cannot be made to produce what doesn't exist. His response is sufficient.

Plaintiff did not provide any response to Request for Production Number Five. Plaintiff is directed to provide Defendant with a response to this request by **February 3, 2012.**

Plaintiff did not provide any response Interrogatory Number Fourteen. Plaintiff is directed to provide Defendant with a response to this request by **February 3, 2012.**

Interrogatory Number Fifteen asks the Plaintiff to consider the discovery requests to be "continuing" and to furnish Defendant with any additional information as he receives it. Plaintiff responded: "No."

Rule 26(e)(1)(A) provides that a party who has responded to discovery requests "must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." This rule places all parties to a lawsuit under an obligation to provide any new or revised information to the opposing party upon learning the information previously supplied in discovery responses is incomplete or incorrect. Thus, Plaintiff must supplement any discovery responses with new or revised information as it becomes available to him.

Accordingly, Defendant Eversole's motion to compel (Doc. 32) is granted in part and denied in part as outlined above. Plaintiff is directed to provide Defendant Eversole with the required responses to the discovery requests **by 5:00 p.m. on February 3, 2012.** If Plaintiff fails

to provide the discovery responses, Defendant Eversole should notify the Court by filing a motion to dismiss.

**Motion for Extension of Time** (Doc. 37)

The motion for an extension of time (Doc. 37) is granted.  Defendant Eversole is given until **February 21, 2012,** to submit his summary judgment motion.

**Motion for Conclusion** (Doc. 36)

It is not clear what relief Plaintiff is seeking.  However, it appears this document is more appropriately characterized as a response to the motion for judgment on the pleadings filed by Defendant Bonewell (Doc. 30).  The motion for conclusion (Doc. 36) is denied.  However, the document will be treated as a response to the motion for judgment on the pleadings.

IT IS SO ORDERED this 12th day of January 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)