IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


ELLIS TRICE                                                                    PLAINTIFF

        v.                              Civil No.   11-2073

DONALD EVERSOLE, Detective,
Crawford County Sheriff's Department; and
PATTI BONEWELL, Detective,
Crawford County Sheriff's Office                                       DEFENDANTS


**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

        This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se*

and *in forma pauperis*.  The case is before me on a motion for judgment on the pleadings (Doc.

30) filed by Separate Defendant Patti Bonewell.  Plaintiff filed a motion for a conclusion (Doc.

36) that is being treated as his response to the motion for judgment on the pleadings.

        **1.  Background**

        This is a civil rights case in which the Plaintiff alleges that on July 2, 2008, by means of

his cell phone, he was tracked, without a warrant, by Bonewell.  When he arrived at an empty

house in Van Buren, Arkansas, located not far from Wal-Mart, he asserts he was unlawfully

"jumped on" by police.  Bonewell was one of the officers at the scene.  Plaintiff asserts he was

unlawfully arrested without a warrant in violation of his Fourth Amendment rights and his

vehicle and its contents were seized.

        He also alleges he was held in jail to allow police officers in Little Rock, Arkansas, to

enter his home and confiscate numerous items of business and personal property.  Plaintiff

-1-

indicated that for sixteen years he owned and operated Ellis Trice Aircraft Cleaning Services at the Little Rock, Arkansas, airport.

### 2. Discussion

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

"The Fourth Amendment guarantees freedom from unreasonable search and seizure, U.S. CONST. amend. IV." *United States v. Cuevas-Perez*, 640 F.3d 272, 273 (7th Cir. 2011). "To establish a Fourth Amendment violation, a [plaintiff] must show that he had a reasonable

-2-

expectation of privacy in the area searched." *United States v. Marquez*, 605 F.3d 604, 609 (8th Cir. 2010)(citation omitted)(holding that the installation of an non-invasive Global Positioning System (GPS) tracking device on a vehicle for a reasonable amount of time did not violate the Fourth Amendment). "A person traveling via automobile on public streets has no reasonable expectation of privacy in his movements from one locale to another. When electronic monitoring does not invade upon a legitimate expectation of privacy, no search has occurred." *Id.* Depending on the length and intensity of the tracking, it is possible for the tracking to amount to a search. *United States v. Maynard*, 615 F.3d 544 (D.C. Cir. 2010)(twenty-eight day GPS tracking).

The courts are divided on whether the "government must show probable cause before it can obtain cell phone location data." *American Civil Liberties Union v. U.S. Dept. of Justice*, 655 F.3d 1, 12-13 (D.C. Cir. 2011). It has been noted that cell phones are typically carried at "all times: at work, in the car, during travel, and at home. For many Americans, there is no time in the day when they are more than a few feet away from their cell phones." *In re Application of the United States for an Order Authorizing the Release of Historical Cell-Site Information*, 2011 WL 3678934, *2 (E.D.N.Y. Aug. 22, 2011)(search warrant required when government requested 113 days of location information). This means "[t]hat at all times, our physical movements are being monitored and recorded." *Id.* "[T]he collection of cell-site-location records effectively enables 'mass' or 'wholesale' electronic surveillance, and raises greater Fourth Amendment concerns that a single electronically surveilled car. . . . [C]ell phone users maintain a reasonable expectation of privacy in long-term-cell-site-location records and the Government's obtaining these records constitutes a Fourth Amendment search. " *Id.* at 6. *See also In re Application of the U.S. for an Order Authorizing Disclosure of Location Information of a Specified Wireless*

AO72A
(Rev. 8/82)

*Telephone,* 2011 WL 3423370, *7 (D. Md. Aug. 3, 2011)("Fourth Amendment jurisprudence neither sanctions access to location data on the basis of an arrest warrant alone, nor authorizes use of a search warrant to obtain information to aid in the apprehension of the subject of an arrest warrant where there is no evidence of flight to avoid prosecution and the requested information does not otherwise constitute evidence of a crime").

Given Plaintiff's allegation that Bonewell tracked him through his cell phone, we cannot say that no plausible claim is stated. Whether such tracking, if it occurred, violates the Fourth Amendment will require analysis of facts of this case.

### 3. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (ECF No. 30) filed by Separate Defendant Patti Bonewell be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of January 2012.

/s/ *J. Marschewski*
_____
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

-4-