IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ELLIS TRICE                                                                    PLAINTIFF

        v.                              Civil No.   11-2073

DONALD EVERSOLE, Detective,
Crawford County Sheriff's Department; and
PATTI BONEWELL, Detective,
Crawford County Sheriff's Office                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

        This is a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff, Ellis Trice

(Trice), proceeds *pro se* and *in forma pauperis*.  This case is currently before the Court on

motions for summary judgment (Doc. 42 and Doc. 50) filed by each of the Defendants.  Plaintiff

has responded to the motions (Doc. 49 and Doc. 56).  The motions are now ready for decision.

        **1.  Background**

        Donald Eversole is a detective employed by the City of Van Buren Police Department.

Investigator Bonewell Stroud is employed by the Crawford County Sheriff's Office.

        As part of his job, Detective Eversole participated in Internet stalking cases in which he

posed as a fourteen year old girl in Internet chat rooms.  Doc. 42-1, Exhibit 1 at ¶¶ 1-4.  On July

1, 2008, Detective Eversole made contact with Trice via the Internet at 9:27 a.m.  *Id.* at ¶ 5.

Detective Eversole identified himself as a fourteen year old girl, Amanda Moore.  Doc. 42-1,

Exhibit 1 at ¶ 5; Doc. 42-1, Exhibit B.  During the conversation, Trice used explicit language

regarding sexual matters and masturbated while completely nude via an Internet web camera.

Doc. 42-1, Exhibit 1 at ¶ 7; Doc. 42-1, Exhibit B (print out of the chat).

-1-

Detective Eversole contacted Investigator Bonewell Stroud and asked her to call Trice pretending to be the fourteen year old girl.  Doc. 42-1, Exhibit A at pg. 8.  Investigator Stroud called a cell number belonging to Trice and left a voice mail.

Trice make arrangements to meet the fourteen year old girl on July 2nd, at a residence in Van Buren, with the stated intent of having sex with the girl.  Doc. 42-1, Exhibit 1 at ¶ 8. Detective Eversole believed Trice committed the crime of Internet stalking, Ark. Code Ann. § 5-27-306, when he made arrangements to meet, who he believed to be a fourteen year old girl, for sex.  *Id.* at ¶ 9.  Further, Detective Eversole indicates Trice committed the offense of Computer Child Pornography, Ark. Code Ann. § 5-27-603.  *Id.*  At that time, Detective Eversole asserts he had probable cause to arrest Trice for both offenses.  *Id.*

Investigator Bonewell Stroud was one of the law enforcement officers at the residence. Doc. 42-1, Exhibit A at pg. 9.  Investigator Bonewell Stroud attempted to call Trice on his cell phone a number of times.  *Id.*  On the last call, Trice answered and said he would be there in a few minutes.  *Id.*  Trice believes that Investigator Bonewell Stroud was utilizing his cell phone to track him.

Trice arrived at the residence in Van Buren and approached the front door.  He was instructed to stop and get on the ground.  Doc. 42-1, Exhibit A at pg. 9.  When he started to back away, Trice was taken to the ground by a number of officers.  *Id.* He was handcuffed and searched.  *Id.*  During the course of the arrest, Detective Eversole maintains he did not jump on Trice or use any unreasonable force.  Doc. 42-1, Exhibit 1 at ¶ 12.

According to Trice, he was "jumped" by several officers and his head shoved into the grass causing him to lose his glasses and rendering him unable to see.  Doc. 49 at pg. 7.  He also maintains that the arrest without a warrant was unlawful.

-2-

Detective Eversole was not involved in the transport of Trice to the police station.  Doc. 42-1, Exhibit 1 at ¶ 14.  Trice was charged with Computer Child Pornography.  *Id.*  Trice's vehicle and its contents were seized.  Doc. 42-1, Exhibit A at pg. 9.

On July 2nd, Jennifer Hurd, a Detective with the Little Rock Police Department, submitted an affidavit to obtain a search warrant for Trice's residence in Little Rock, Arkansas. Doc. 42-1, Exhibit 5.  The search warrant was granted that same day.  Doc. 42-1, Exhibit 6. Trice's residence was searched and various items were seized by the police.  When he returned to Little Rock on July 3rd, Trice states he found that the door to his home had ben kicked in and he also found a note stating that the Little Rock Police had been in his home and confiscated various items.   Trice maintains the warrant was issued without probable cause.  Doc. 49 at pg. 20.  This issue is not before us as the warrant was obtained and executed within the Eastern District of Arkansas.

After a jury trial held in Crawford County, Trice was found guilty and sentenced to fifteen years in prison.  Doc. 42-1, Exhibit 1 at ¶¶ 14-15; Doc. 42-1, Exhibits 2-3.  Additional conditions of his sentence provided that he forfeited all property taken into custody during his arrest.  *Id.* at ¶ 16.  The conviction was affirmed on appeal to the Arkansas Court of Appeals and has not been overturned.  *Id.* at ¶ 16; Doc. 42-1, Exhibit 4; *Trice v. State*, 2010 WL 26395 (Ark App. 2010).   Trice's petition for post-conviction relief filed pursuant to Rule 37.1 of the Arkansas Criminal Procedure (2010) was denied as untimely and his state habeas petition denied. Doc. 42-1, Exhibit 4.  His federal habeas corpus petition under 28 U.S.C. § 2254 was denied as untimely filed and for failure to exhaust his state court remedies *Trice v. State of Arkansas*, Civil No. 11-2158 (dismissed on January 24, 2012).

-3-

AO72A
(Rev. 8/82)

According to Trice, he was, by means of his cell phone, tracked, without a warrant, by Investigator Bonewell Stroud.  When he arrived at an empty house in Van Buren, Arkansas, he asserts he was unlawfully "jumped on" by police.  Bonewell was one of the officers at the scene. Plaintiff asserts he was unlawfully arrested without a warrant in violation of his Fourth Amendment rights and his vehicle and its contents were seized.

He also alleges he was held in jail to allow police officers in Little Rock, Arkansas, to enter his home and confiscate numerous items of business and personal property.  Plaintiff indicated that for sixteen years he owned and operated Ellis Trice Aircraft Cleaning Services at the Little Rock, Arkansas, airport.  Trice maintains none of his personal property has been returned to him.

## 2.  Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists."  *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)).  "A case founded on speculation or

-4-

suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing, Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### 3. Arguments of the Parties

Detective Eversole maintains he is entitled to judgment in his favor. First, he argues that the official capacity claim fails as a matter of law because Trice has not alleged the existence of a custom, policy, or practice of the City of Van Buren that was a moving force behind the alleged constitutional violations. Second, he maintains he had probable cause for the arrest. Further, he argues Trice is precluded from asserting an unlawful arrest claim by virtue of applicable Supreme Court precedent. Third, he asserts that he used only the amount of force reasonably necessary to assist in taking Trice to the ground. Finally, in his individual capacity, Detective Eversole maintains he is entitled to qualified immunity.

Investigator Bonewell Stroud denies she "tracked" Trice through his cell phone. However, even if she did, she maintains no claim of constitutional dimension is stated given the short period of time the phone was allegedly used to track Trice.

Trice denies he was involved in any of the activity described by Defendants. Doc. 56 at ¶¶ 1-22. With respect to his arrest, his criminal conviction, his sentence and whether it has been overturned or reversed, he simply responds that he does not know. *Id.* He believes the Defendants or others were using his home computer to spy on him. *Id.* at ¶ 5.

### 4. Discussion

### (A). Probable Cause for Arrest

"Probable cause exists if the totality of the facts based on reasonably trustworthy information would justify a prudent person in believing the individual arrested had committed . . . an offense." *Flynn v. Brown*, 395 F.3d 842, 844 (8th Cir. 2005)(internal quotation marks and

-5-

citations omitted).  "[D]etermining if probable cause exists is not an exact science," *Brodnicki v. City of Omaha*, 73 F.3d 1261, 1265 (8th Cir. 1996), however, viewing the facts as a whole at the time of Plaintiff's arrest, I believe a prudent person would have been justified in believing Plaintiff had committed the offense of Internet Stalking of a Child and Computer Child Pornography.  Plaintiff was identified as the individual in the Internet Chat Room with "Amanda Moore;" his face and body were visible through his web cam; he spoke in explicit sexual terms and engaged in a sexual act while on the web cam; he told "Amanda Moore" in explicit terms what he would like to do to her; he made arrangement to drive to Van Buren so he could be with her in person while her Mother would not be at the residence; he knew "Amanda Moore" represented herself as a fourteen year old girl.  Trice was not arrested until he traveled from Little Rock to Van Buren and arrived at the address given to him by "Amanda Moore."   There is no evidence of a Fourth Amendment violation.  *See Sheets v. Butera*, 389 F.3d 772, 778 (8th Cir. 2004); *see also Anderson v. Larson*, 327 F.3d 762, 770 (8th Cir. 2003)(A claim of false arrest brought pursuant to § 1983 fails if the officer had probable cause to make the arrest); *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001)("[A] false arrest claim under § 1983 fails as a matter of law where the officer had probable cause to make the arrest.  Since the record adequately supports the conclusion that the police officers had probable cause to arrest Kurtz for tampering, plaintiffs' allegations of false arrest fail to establish a civil rights violation.").

### (B) Cell Phone Tracking

Trice maintains that Investigator Bonewell Stroud who had spoken to him on July 1st and July 2nd utilized his cell phone to track his location.  Other than this bare allegation, Trice presents nothing to suggest that his cell phone was tracked by Investigator Bonewell Stroud or any other officers.

-6-

With respect to GPS tracking devices, the Supreme Court has held that the installation of a GPS devise on a target's vehicle, and it use of the device to monitor the vehicle's movements, constitutes a search within the meaning of the Fourth Amendment. *United States v. Jones*, 565 U.S. ___, 132 S. Ct. 945, 949, 181 L. Ed. 2d 911 (2012). While the warrantless obtaining of historical location data or long-term data may violate the Fourth Amendment, a short term use for a limited purpose has been held not to be violative of the Fourth Amendment. *See e,g.,U.S. v. Skinner,* ___ F.3d ___, 2012 WL 3289801 (6th Cir. August 14, 2012)(an individual does not have a reasonable expectation of privacy in location data broadcast from a cellular phone).

In this case, there is nothing other than Trice's conclusory allegation that suggests his cell phone was tracked. Certainly, the Defendants knew the address in Van Buren that Trice was traveling to on the day in question and his approximate arrival time at 9 a.m. Doc. 42-1, Exhibit A at pg. 8. In fact, Defendants were at the location at 8:00 a.m. waiting for Trice to arrive. *Id.* For this reason, we find it unnecessary to decide whether utilizing cell phone location data, violates the Fourth Amendment.

### (C). Excessive Force

"All claims that law enforcement officers have used excessive force in the course of an arrest or investigatory stop of a free citizen should be analyzed under the reasonableness standard of the Fourth Amendment." *Winters v. Adams*, 254 F.3d 758, 764 (8th Cir. 2001)(citation omitted); *see also Henderson v. Munn*, 439 F.3d 497, 502 (8th Cir. 2006). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Graham v.*

-7-

*Connor*, 490 U.S. 386, 396 (1989)(internal quotations omitted). "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Id.

In this case, Trice alleges he was told to get down on the ground and he complied. Doc. 56 at ¶ 11. He then maintains five officers piled on top of him and pushed his face into the ground causing his glasses to come off. *Id.* He states he does not know who any of the men were. *Id.* Although Trice asserts he suffered physical pain, he discusses the pain in connection with several heart attacks and a stroke he has had. *Id.* at ¶ 12.

Defendants are entitled to summary judgment on this claim. Trice does not describe any acts of excessive force taken by the named Defendants.

### (D). Deprivation of Property

With respect to Trice's claims that he has been deprived of his property, these claims also fail. The Supreme Court has held that the negligent or intentional deprivation of property does not violate due process so long as adequate post-deprivation remedies exist. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available). *See also Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994)(negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy). Trice can file a replevin action for return of the property, *Drug Task Force for the Thirteenth Judicial District v. Hoffman*, 353 Ark. 182, 114 S. W. 3d 213 (2003)(utilizing Ark. Code Ann. § 18-60-804 which provides a remedy for recovery of property in the possession of another), a motion for return of the seized property, Ark. R. Crim. P. 15.2, or a conversion action, *Elliot v. Hurst*, 307 Ark. 134,

817 S.W.2d 877, 880 (1991)(cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

### (E).  Custom or Policy

A governmental entity "cannot be held liable under § 1983 solely because it employs a tortfeasor.  A [governmental entity] can be liable only if a policy or custom caused a plaintiff to be deprived of a federal right."  *L.L. Nelson Enterprises, Inc. v. County of St. Louis Missouri*, 673 F.3d 799, 811 (8th Cir. 2012).   There is no evidence Trice was deprived of a federal right due to the existence of any policy or custom of the City of Van Buren or Crawford County.

### 5.  Conclusion

For the reasons stated, I recommend that the motions for judgment (Doc. 42 and Doc. 56) be granted and this case be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of August 2012.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)